**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ALBERT GILES                                                                             PLAINTIFF

V.                               4:10CV02038 JLH/JTR

PULASKI COUNTY REGIONAL
DETENTION FACILITY CLASSIFICATION BOARD              DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

     1.      Why the record made before the Magistrate Judge is inadequate.

     2.      Why the evidence to be proffered at the requested hearing before the

        United States District Judge was not offered at the hearing before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Albert Giles, who is confined in the Dallas County Detention Center, has commenced this § 1983 action alleging that Defendant has violated his constitutional rights while he was a pretrial detainee at the Pulaski County Regional Detention Facility ("PCRDF"). *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a

## II. Discussion

Plaintiff alleges that Defendant discriminated against him, based upon his sexual orientation, when they placed him in protective custody for two weeks in an administrative segregation cell, instead of in general population with the other detainees at the PCRDF. *See* docket entry #2.

Sexual orientation is not a suspect classification. *See Romer v. Evans*, 512 U.S. 620, 630-31 (1996); *Citizens for Equal Protection v. Bruning,* 455 F.3d 859, 866-67 (8th Cir. 2006). To state a viable equal protection claim that is not based on a suspect classification or a fundamental right, a prisoner must allege that he was intentionally treated differently from similarly situated others and that there was no rational basis for the difference in treatment. *Nolan v. Thompson*, 521 F.3d 983, 990 (8th Cir. 2008); *Gilmore v. County of Douglas,* 406 F.3d 935, 937 (8th Cir. 2005)*; Phillips v. Norris;* 320 F.3d 844, 848 (8th Cir. 2003).

The Complaint and attached grievances make it clear that Plaintiff was placed in administrative segregation, for a two-week period, for his own safety and protection. While Defendant's concerns for Plaintiff's safety and protection arose from his sexual orientation, there was a rational basis for Defendant's decision, given the well known hostile attitude many prisoners have towards homosexuals. Finally, Plaintiff has not alleged that he was harmed, in anyway, by being housed separately from other detainees. *See* 42 U.S.C. § 1997e(e) (providing that a prisoner cannot recover compensatory damages in the absence of a physical injury).

## III. Conclusion

---

cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal CONSTITUTE a strike, as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 13th day of January, 2011.

```
                                        /s/ J. Thomas Ray
                                    _____
                                    UNITED STATES MAGISTRATE JUDGE
```